### KENNEBEC BOX CO., Inc., v. O. S. RICHARDS CORPORATION.

(District Court, E. D. New York. June 4, 1924.)

1. Receivers ⊜92—Receiver entitled to continue business for reasonable time before being surcharged with losses.

A receiver is entitled to operate the business of defendant for a reasonable time after his appointment before being chargeable personally with losses from its continued operation.

2. Receivers ⊜92—Receiver's account may be surcharged with payments made in knowingly continuing a losing business.

The accounts of a receiver should be surcharged with payments to creditors made by him in continuing the business after it became evident that it could only be conducted at a loss, and that the funds of the estate were insufficient to pay all receivership creditors.

3. Receivers ⊜151—Court cannot require return of payments received from receiver in usual course of business.

The court has no power to require the return by creditors of a receiver of payments received from him as a condition to their further participation in the assets, though the payments were unauthorized, where so far as appears they did not know such fact, but received the payments in usual course of business.

4. Receivers ⊜193—Receiver, surcharged with losses of business, should be credited with profits from whatever source received.

A receiver, surcharged with losses incurred in operating the business after it should have been discontinued, is entitled to credit for profits made by him during the time in handling the receivership estate, though separate from the conduct of the business.

In Equity. Suit by the Kennebec Box Company, Inc., against the O. S. Richards Corporation. On exceptions to report of special master on account of Lee S. Richards, former receiver. Sustained in part.

See, also, 295 Fed. 418; 299 Fed. 871.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Myron Butler, of New York City, for objecting creditors.

Tompkins, Metcalfe & Putsche, of New York City (W. H. Gilpatric, of New York City, of counsel), for Lee S. Richards.

Frank J. Brown, of New York City, for L. N. Lafferty Lumber Co.

GARVIN, District Judge. The report of a special master has been filed herein. This is a motion for an order allowing exceptions to said report filed by Lee S. Richards, and overruling exceptions filed by J. Herbert Bate and others, objecting creditors herein.

The master was appointed to pass upon the account of Lee S. Richards, temporary receiver of the O. S. Richards Corporation, defendant in this action, which is the usual creditors' suit in equity. When the action was instituted, Frederick P. Kapper was appointed receiver. After he had served as such for some weeks, the court was requested by a number of creditors of the defendant to appoint Richards as receiver in place of Kapper; it being represented that Richards was peculiarly equipped to act in this particular capacity. The appointment, made January. 27, 1923, proved to be most unfortunate. Ultimately the court was obliged to appoint John B. Johnston in his place, and the assets are not sufficient to pay those who have claims against the receivers.

Bate and the L. N. Lafferty Lumber Company object to that part of the master's report which finds that there is no justification for surcharging Receiver Richards with the amount of their respective claims. The master finds that there is no evidence upon which to base a finding that they sold to the receiver because of his false statements as to the condition of the business he was then conducting. This finding should not be disturbed.

[1] The objecting creditors also except to the amount surcharged against Richards, $5,779.43, and claim that $14,711.74 should be surcharged. The smaller sum is the loss incurred in the operation of the business by the receiver from April 12 to April 30, 1923. It is true that Richards was appointed on or about February 3, 1923, but he was entitled to operate the business for a reasonable time without being chargeable personally with any operating loss, particularly in view of the fact that the specific object of his appointment was to have the benefit of the assistance of one who commanded the confidence of the creditors and would be of substantial assistance in the reorganization of the company's affairs. The master has found, and on sufficient evidence, that up to and including April 12 was a reasonable time during which the receiver might operate the business without assuming personal liability. After that date, when it clearly appeared that the business was losing heavily, could never be operated without loss, and there was no reason to believe that the company could be reorganized, the receiver continued at the risk of being surcharged with any further operating loss. The exception is overruled.

[2, 3] These creditors except to that part of the master's report which recommends that no creditor, preferred by payments made after April 12, 1923, shall be permitted to share in any distribution of the estate of the defendant unless and until he shall have restored to the

receiver the amount of such payment. The master further recommends that the receiver be surcharged with the sum of $3,865.10 which he paid out in this way, less such amount as the creditors so paid may return. When the time arrived beyond which the receiver continued the business at his peril, so far as further loss was concerned, he had no right to pay creditors until there was a partial distribution of the estate ordered by the court. He then knew, or should have known, that there would not be sufficient funds to pay the receiver's creditors. This recommendation by the master, as to surcharge, was correct; but the court finds itself without power to approve the further recommendation that no creditor who received a payment after April 12, 1923, shall be barred from further participation in the estate unless he shall return such payment. The record discloses nothing to indicate any knowledge on their part that they were not being paid in the regular course of business, and therefore they are entitled to retain such payments, without penalty. The receiver is in a different situation, and he must stand responsible, unless such payments are voluntarily returned.

[4] Receiver Richards excepts to the surcharge of his accounts in the sum of $5,779.43. That has been considered, and the action of the master approved. He also excepts to the action of the master to apply to a reduction of the operation loss of the business from April 12 to April 30 any portion of the profits, amounting to $2,849.62, which arose from shook contracts taken over by the Richards Shook Corporation. The master has found that this contract had nothing to do with the operation of the business, and could have been made, even if the business was not operated. Still it was a part of the administration of the estate, and the court is of the opinion that the receiver should have credit for such profits as accrued between April 12 and 30, 1923. The receiver further excepts to that part of the master's report which recommends that the receiver be surcharged with payments made by him after April 12, 1923. This has already been considered and disposed of.

An order may be entered, by any party hereto, on notice, in accordance with these determinations.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes